FILED - WESTERN DIVISION
CLERK, U.S. DISTRICT COURT

JUL 1 1 2008

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

EDGAR MAZYCK,                                     )     No.  CV 06-8029-R (AGR)
                                                  )
                     Plaintiff,                   )
                                                  )     ORDER ADOPTING MAGISTRATE
          v.                                      )     JUDGE'S REPORT AND
                                                  )     RECOMMENDATION
COUNTY OF LOS ANGELES, et al.,                    )
                                                  )
                     Defendant(s).                )
_____)

     Pursuant 28 U.S.C. § 636, the Court has reviewed the entire file de novo, including the magistrate judge's Report and Recommendation.  The Court agrees with the recommendation of the magistrate judge.

     IT IS ORDERED that Judgment be entered dismissing this action without prejudice for failure to prosecute.

DATED:  _July 10, 2008_

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE

1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10                          **WESTERN DIVISION**

11   EDGAR MAZYCK,                    )        No. CV 06-8029-R (AGR)
                                      )
12                   Plaintiff,       )
                                      )        REPORT AND RECOMMENDATION
13            v.                      )        OF UNITED STATES MAGISTRATE JUDGE
                                      )
14   COUNTY OF LOS ANGELES, et al.,   )
                                      )
15                   Defendants.      )
                                      )
16   ─────────────────────────────────

17        The Court submits this Report and Recommendation to the Honorable Manuel L.

18   Real, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-

19   07 of the United States District Court for the Central District of California.  For the

20   reasons set forth below, the Magistrate Judge recommends that this action be

21   dismissed without prejudice for failure to prosecute.

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

# I.

## PROCEDURAL BACKGROUND

On January 11, 2007, Edgar Mazyck ("Plaintiff"), proceeding pro se and in forma pauperis, filed a civil rights complaint pursuant to 42 U.S.C. §§ 1983, 1986.  The defendants are the County of Los Angeles, the Department of Mental Health of Los Angeles County, and various individuals.  (Complaint at 3-5.)

On March 13, 2007, by Order of the Chief Magistrate Judge, this matter was transferred to the calendar of Magistrate Judge Alicia G. Rosenberg.

Pursuant to 28 U.S.C. § 1915(e)(2), the Court screened the complaint before ordering service to determine whether the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

On June 26, 2007, the Court filed an Order Dismissing Complaint With Leave to File Amended Complaint ("Order").  After careful review and consideration of the complaint under the relevant legal standards, the Court concluded that the complaint failed to state a claim upon which relief could be granted.  However, the Court afforded Plaintiff the opportunity to file a First Amended Complaint to cure the deficiencies.

On July 26, 2007, Plaintiff filed a First Amended Complaint.

On August 6, 2007, the Court issued an Order Directing Service of Process by the United States Marshal upon Deputy Evans, Deputy Fulkerson, Deputy Rosas, Deputy Gideon, Deputy Christensen, Deputy Erskin, Deputy Graham, and the Los Angeles County Department of Mental Health.

Also on August 6, 2007, the Court issued an Order Re: Service of Complaint. That Order required Plaintiff to file (1) a Notice of Submission indicating that all required documents were submitted to the United States Marshal for service and (2) copies of the USM-285 forms submitted to the United States Marshal no later than September 5, 2007.  The Order warned that "[i]f Plaintiff does not file the Notice of Submission by

///

September 5, 2007, his action will be subject to dismissal without prejudice." (Docket No. 23.)

On September 11, 2007, Plaintiff filed a document that the Court construed as a request for copies of documents previously sent to him.

On September 13, 2007, the Court issued an order directing the Clerk to forward to Plaintiff copies of all documents needed to accomplish service of his First Amended Complaint and copies of filed documents listed in the Order.

On September 27, 2007, the Court issued an order construing Plaintiff's communications dated September 21, 2007, as a first request for an extension of time to comply with the Order Re: Service of Complaint filed August 6, 2007. The Court granted the extension of time and required that Plaintiff file, no later than October 26, 2007, a (1) Notice of Submission and (2) copies of the USM-285 forms submitted to the United States Marshal. The Order warned that "[i]f Plaintiff does not file the Notice of Submission on or before October 26, 2007, his action will be subject to dismissal without prejudice. Service of the first amended complaint upon defendants is necessary."

On October 1, 2007, the Court issued an order reminding Plaintiff that he must comply with the Court's Order dated September 27, 2007. (Docket No. 44.)

On October 5, 2007, Plaintiff filed various motions, including a motion for additional copies of documents and a second motion for extension of time.

On October 15, 2007, the Court issued an order granting Plaintiff's motion for copies of various documents. The Order explained that "Plaintiff MUST fill out a USM-285 form for each defendant and submit the completed forms to the United States Marshal for service of the First Amended Complaint. The Court cannot address the merits of Plaintiff's complaints about Defendants until they have been served." The Court granted Plaintiff a second extension of time and required that Plaintiff file the Notice of Submission (with or without copies of the USM-285 forms) on or before

///

1  November 15, 2007, or his action will be subject to dismissal without prejudice. (Docket
2  No. 51.)

3      Plaintiff did not file a Notice of Submission and did not submit the required
4  documents, including USM-285 forms for each defendant, to the United States Marshal
5  on or before November 15, 2007.

6      On December 4, 2007, the Court, on its own motion, granted Plaintiff a third
7  extension of time to file the Notice of Submission (with or without copies of the USM-
8  285 forms) indicating that all required documents have been submitted to the United
9  States Marshal for service of the First Amended Complaint on or before *January 7,*
10 *2008.* The Order explained that "the Court cannot address the merits of Plaintiff's
11 complaints about Defendants until they have been served."  The Order warned that "[i]f
12 Plaintiff does not file the Notice of Submission on or before January 7, 2008, this Court
13 will recommend that this action be dismissed without prejudice for failure to prosecute,
14 failure to follow court orders, and/or Fed. R. Civ. P. 4." (Docket No. 52.)

15     On January 9, 2008, Plaintiff filed a Notice of Submission of documents indicating
16 that on January 2, 2008, he submitted eight completed summonses, eight completed
17 USM-285 forms, and eight copies of the First Amended Complaint to the United States
18 Marshal.

19     On February 27, 2008, Plaintiff filed a document entitled "Motion Good Cause
20 Status Report."  Plaintiff indicated that on January 23, 2008, his package to the United
21 States Marshal was returned, but he did not state the deficiencies or reasons for the
22 return.  Plaintiff further indicated that he will attempt to mail a package to the United
23 States Marshal on February 24, 2008.

24     On May 7, 2008, the Court issued an Order noting that Plaintiff had not notified
25 the Court as to the status of his submission of documents to the United States Marshal.
26 (Docket No. 55.)  On its own motion, the Court granted Plaintiff a fourth extension of
27 time to file a Notice of Submission and file copies of the USM-285 forms for each
28 defendant on or before May 30, 2008. (Docket No. 55.)

The Court's Order dated May 7, 2008, was returned as undeliverable.  Plaintiff did not file a Notice of Change of Address or otherwise notify the Court of his new address.[1]

Plaintiff did not file a Notice of Submission or USM-285 forms for each defendant, as he was required to do on or before May 30, 2008.

## II.

## DISCUSSION

It is well established that a district court has authority to dismiss a plaintiff's action because of his or her failure to prosecute or to comply with court orders.  *See* Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and avoid congestion in district court calendars); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.) (district court may dismiss action for failure to comply with any order of the court), *cert. denied*, 506 U.S. 915 (1992).

In determining whether to dismiss a case for failure to prosecute or failure to comply with court orders, a district court should consider five factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.  *See In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); *Ferdik*, 963 F.2d at 1260-61 (failure to comply with court orders).

The first two factors -- the public's interest in expeditious resolution of litigation and the Court's need to manage its docket -- weigh in favor of dismissal.  The Court granted four extensions of time (including two extensions on its own motion) totaling

---

[1]  According to the Los Angeles Sheriff's Department online Inmate Information Center, Plaintiff appears to have been released after a court appearance on May 16, 2008.

1    over eight months in order for Plaintiff to submit the correct documents to the United

2    States Marshal for service of the complaint, and to file a Notice of Submission.  Plaintiff

3    did not file a Notice of Submission or copies of the USM-285 forms on or before May

4    30, 2008 pursuant to the court's order.  Moreover, the Court's Order dated May 7, 2008,

5    has been returned as undeliverable.  Plaintiff has failed to file a Notice of Change of

6    Address after he was apparently released on May 16, 2008.  Thus, because of

7    Plaintiff's conduct and/or omissions, his complaint cannot been served and the Court

8    has no means of contacting Plaintiff.  Plaintiff's conduct and/or omissions hinder the

9    Court's ability to move this case toward disposition, and indicate that Plaintiff does not

10   intend to litigate this action diligently.

11        The third factor -- prejudice to defendants -- also weighs in favor of dismissal.  A

12   rebuttable presumption of prejudice to defendants arises when there is a failure to

13   prosecute diligently.  *Eisen*, 31 F.3d at 1452-53.  That presumption may be rebutted

14   where a Plaintiff proffers an excuse for delay.  Plaintiff has failed to come forward with

15   any excuse or reason for delay.

16        The fourth factor -- public policy in favor of deciding cases on their merits --

17   weighs against dismissal.  It is, however, a Plaintiff's responsibility to move a case

18   towards a disposition at a reasonable pace and to avoid dilatory tactics.  *See Morris v.*

19   *Morgan Stanley Co.*, 942 F.2d 648, 652 (9th Cir. 1991).  Plaintiff has not discharged this

20   responsibility.  In these circumstances, the public policy favoring resolution of disputes

21   on the merits does not outweigh Plaintiff's failure to file a Notice of Submission, submit

22   the proper documents necessary for service of the complaint, and notify the Court of his

23   contact information.

24        The fifth factor -- availability of less drastic sanctions -- weighs in favor of

25   dismissal.  The Court attempted to avoid dismissal by repeatedly warning Plaintiff that if

26   he did not file a Notice of Submission, "his action will be subject to dismissal without

27   prejudice."  (Orders dated August 6, 2007, September 27, 2007, October 1, 2007,

28   ///

6

1  October 15, 2007, December 4, 2007, and May 7, 2008.)  Despite these warnings,

2  Plaintiff has failed to fulfill his obligations.

3       Taking all of the above factors into account, dismissal for failure to prosecute is

4  appropriate.  In this case, Plaintiff has been cautioned five times about the possibility of

5  dismissal in the Court's Orders dated August 6, 2007, September 27, 2007, October 15,

6  2007, December 4, 2007, and May 7, 2008, and will be afforded further notice by

7  service of this Report and Recommendation.  To the extent that Plaintiff does not

8  receive a copy of this Report and Recommendation or any order of the Court, it is

9  because Plaintiff has failed to notify the Court of his current address.  Local Rule 41-6

10  ("A party proceeding *pro se* shall keep the Court and opposing parties apprised of such

11  party's current address and telephone, if any.") Local Rule 41-6 specifically provides

12  that when mail to a *pro se* plaintiff's address of record is returned undelivered by the

13  post office and plaintiff fails to notify the Court in writing of his current address within 15

14  days of the service date, "the Court may dismiss the action with or without prejudice for

15  want of prosecution."

16       Accordingly, it is recommended that plaintiff's action be dismissed without

17  prejudice for failure to prosecute.

18

19                          **III.**

20              **RECOMMENDATION**

21       For the reasons discussed above, it is recommended that the District Court issue

22  an Order: (1) approving and adopting this Report and Recommendation; and (2)

23  directing that judgment be entered dismissing this action without prejudice for failure to

24  prosecute.

25

26  DATED: June 10, 2008

27                                *Alicia G. Rosenberg*

28                          ALICIA G. ROSENBERG
                        UNITED STATES MAGISTRATE JUDGE

1

## **NOTICE**

2     Reports and Recommendations are not appealable to the Court of Appeals, but

3 are subject to the right of any party to file Objections as provided in the Local Rules

4 Governing Duties of Magistrate Judges, and review by the District Judge whose initials

5 appear in the docket number.  No Notice of Appeal pursuant to the Federal Rules of

6 Appellate Procedure should be filed until entry of the Judgment of the District Court.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28